800 F.2d 261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Joseph Adam RADTKE, Appellant.
 No. 85-5015.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 23, 1986.
Decided Sept. 9, 1986.
 
 Gerald A. Kroop, Kroop & Kurland, P.A., on brief, for appellant.
 J. Frederick Motz, United States Attorney, Robert J. Mathias, Assistant United States Attorney, on brief, for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph Radtke appeals the district court's judgment convicting him of illegal possession of food stamps, in violation of 7 U.S.C. Sec. 2024(b), and aiding and abetting in regard to such possession, in violation of 18 U.S.C. Sec. 2. For the reasons given below, we affirm the judgment.
 
 
 2
 Radtke assigns two grounds of error on appeal. First, he argues that the trial judge admitted an out-of-court statement, made by a party who aided Radtke in the procurement of food stamps, in violation of the sixth amendment's confrontation clause. Second, he asserts that the trial judge erred in refusing to instruct the jury that any finding of entrapment as to the first of a series of transactions would carry over to subsequent transactions in the series.
 
 
 3
 The prosecution's evidence showed that Radtke, on May 22, 1984, and June 14, 1984, bought food stamps from a federal agent and a paid informer, who were posing as dealers in stolen food stamps. Radtke's defense was entrapment. The challenged out-of-court statement was made by Arthur Lehew, who participated in the first of the two illegal food stamp transactions. At the close of the transaction, after Radtke had departed, Lehew told the agent and the informer that Radtke was "in with" a local supermarket and that Radtke had been buying illegal food stamps. The statement was admitted at Radtke's trial pursuant to the co-conspirator exception to the hearsay rule, Fed. R. Evid. 801(d)(2)(E). At trial, Radtke's counsel argued that the statement was inadmissible under Fed. R. Evid. 801(d)(2)(E), but did not raise the confrontation clause argument. The government did not make a showing that Lehew was unavailable to testify.
 
 
 4
 Although Radtke failed to raise the confrontation clause issue at trial, we will take notice of the issue since Radtke asserts error affecting a substantial right. Fed. R. Evid. 103(d); Fed. R. Crim. P. 52(b). Radtke, citing Ohio v. Roberts, 448 U.S. 56 (1980), argues that Lehew's statement was admitted in violation of the confrontation clause because the government did not show that Lehew, the out-of-court declarant, was unavailable to testify at trial. However, we think that this issue is disposed of by United States v. Inadi, --- U.S. ----, 54 U.S.L.W. 4258 (Mar. 10, 1986). The Supreme Court there held that the confrontation clause does not require a showing of un availability as a condition to admission of the out-of-court statement of a non-testifying co-conspirator. Id. at 4260. The Court specifically indicated that Roberts does not stand for the proposition that no out-of-court statement can be introduced against a criminal defendant without a showing that the declarant is unavailable. Id. Consequently, we conclude that admission of the co-conspirator's statement was not precluded by the confrontation clause.
 
 
 5
 Radtke's second assignment of error, concerning the entrapment instruction, is without merit. The jury did not find entrapment as to the first transaction. Hence, Radtke was not prejudiced by the judge's refusal to instruct the jury that a finding of entrapment as to the first transaction of a series would carry over to subsequent transactions in that series.
 
 
 6
 Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, we dispense with oral argument and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.